# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JULIAN C. MCCORMACK, <br>          Appellant, | DOCKET NUMBER <br> DC-0752-14-0881-I-1 |
|      v. | |
| UNITED STATES POSTAL SERVICE, <br>          Agency. | DATE: March 24, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Glen L. Smith, Esquire, Grand Rapids, Michigan, for the appellant.

Jed Charner, Landover, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has petitioned for review of the August 22, 2014 initial decision in this appeal. Initial Appeal File, Tab 8; Petition for Review (PFR)

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

File, Tab 1. For the reasons set forth below, we DISMISS the petition for review as settled.

¶2 After the filing of the petition for review, the parties submitted a document entitled "SETTLEMENT AGREEMENT AND GENERAL RELEASE" signed and dated by the appellant on December 23, 2014, and by the agency on December 24, 2014. PFR File, Tab 4. The document provides, among other things, for the dismissal of the petition for review. *Id*.

¶3 Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties, in fact, have entered into a settlement agreement, that they understand the terms, and that they agree that the agreement will not be entered into the record for enforcement by the Board. *See* PFR File, Tab 5. Accordingly, we find that dismissal of the petition for review "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances.

¶4 This is the final order of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulation, section 1201.113 (5 C.F.R. § 1201.113)

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.